UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICARDO RUSAN, )
)
    Movant, )
)
vs. ) Case No. 4:07-CV-1828 (CEJ)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM

This matter is before the Court upon the motion of Ricardo Rusan to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The United States has filed a response addressing the merits of the motion.

### I. Background

Rusan was charged in a one-count indictment with bank robbery, in violation of 18 U.S.C.§ 2113(a). Before trial, counsel for the defense and counsel for the government explored whether bank larceny (which provided for a lesser penalty than bank robbery) could be submitted as a lesser included offense. They determined that it was not. Consequently, on the day the trial began, Rusan waived indictment, and one count of bank larceny, in violation of 18 U.S.C. § 2113(b), was added to allow Rusan to argue for the lesser charge. A jury found Rusan guilty of both charges. He was sentenced to concurrent terms of imprisonment of 240 months for bank robbery

---

[1] Rusan has requested leave to file an "amended/supplemental" motion. [Doc. # 21]. The proposed amended motion contains no additional grounds for relief. Instead, it is a memorandum in support of the original motion. He has also filed motion for judgment on the pleadings in which he asserts the claim that he should be re-sentenced in light of Begay. [Doc. #36].

and 120 months for bank larceny. The judgment was affirmed on appeal. United States v. Rusan, 460 F.3d 989 (8th Cir. 2006).

In his motion to vacate, Russan asserts the following claims:

(1) the indictment was defective;

(2) the Court lacked jurisdiction;

(3) the Court interfered with his decision on whether or not to plead guilty;

(4) ineffective assistance of counsel;

(5) convictions constituted double jeopardy; and

(6) resentencing in light of Begay v United States, 553 U.S. 137 (2008)

II. Discussion

1. Indictment

Rusan contends that he was denied fair notice of the bank robbery charge, in violation of the Sixth Amendment, because the indictment charged him "in the disjunctive and alternative which rendered it insufficient to apprise [him], with certainty, of the charges which he had to prepare to defend against." Motion to Vacate, p. 4. He also contends that the indictment was defective in that it lacked definiteness. Id.

The indictment charged that "[o]n or about November 12, 2004, in the City of St. Louis, within the Eastern District of Missouri," Rusan "did by force and violence, or by intimidation, take from the person and presence of an employee of the Southern Commercial Bank, a quantity of United States currency which represented the deposits of the Southern Commercial Bank, which were then in the care, control, and custody of the Southern Commercial Bank and federally insured by the Federal Deposit

Insurance Corporation." The indictment further alleged that the offense was a violation of 18 U.S.C. § 2113(a).

Rusan did not challenge the sufficiency of the indictment before trial, although he had the opportunity to do so. Because of the late challenge, a deferential standard of review is applied. United States v. Mitchell, 613 F.3d 862, 865-66 (8th Cir. 2010) (when indictment is challenged for the first time after the verdict is returned, a deferential standard of review will be applied, upholding the indictment unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted) [quoting United States v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009)]. "[A]n indictment that is challenged after jeopardy has attached will be liberally construed in favor of sufficiency." United States v. Just, 74 F.3d 902, 904 (8th Cir. 1996).

It is well-settled that an indictment "is sufficient if it 'first, contains the essential elements of the charged offense and fairly informs a defendant of the charges against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution.'" United States v. Just, 74 F.3d 902, 903 (8th Cir. 1996) [quoting Hamling v. United States, 418 U.S. 87, 117 (1974)]. In the instant case, the indictment satisfied both requirements. It alleges the elements of bank robbery, and it is sufficiently specific as to the time and location of the crime so as to avoid prosecution for the same offense.

Further, the indictment charged only one crime: the robbery of the Southern Commercial Bank on November 12, 2004, in violation of 18 U.S.C. § 2113(a). Given the specificity of the indictment, Rusan cannot legitimately

complain that he was unable to understand the charge or to prepare a defense. The indictment tracks the wording of the statute; it is not, however, defective simply because it uses the disjunctive phrase "by force and violence, or by intimidation" that appears in the statute. See United States v. Alsop, 479 F.2d 65, 66 (9th Cir. 1973) (use of disjunctive wording in bank robbery indictment did not make indictment duplicitous).

### 2. Jurisdiction

Rusan next claims that the Court lacked jurisdiction. He asserts that 18 U.S.C. § 3231 is facially invalid and that Congress erred in enacting the statute. Because Rusan makes these assertions without any legal or factual support, they do not establish a basis for relief.

### 3. Interference with plea decision

Rusan's next claim is that the Court interfered with his decision on whether or not to plead guilty. The transcript reveals that Rusan was informed that his waiver of indictment on the bank larceny charge would result in his being charged with an offense in addition to the bank robbery charge. He was also told that the bank robbery charge would not be dismissed even if he pled guilty to the bank larceny charge. Rusan stated under oath that he understood. United States v. Ricardo Rusan, No. 4:05-CR-56 (CEJ) (E.D.Mo.), Transcript, pp. 7-8, 10 [Doc. #77]. Contrary to Rusan's allegations, the transcript shows that there was no promise made to him about sentencing.

### 4. Ineffective assistance of counsel

Rusan next claims that he was denied effective assistance of counsel because his attorney advised him to waive indictment and allowed the government to charge him with bank larceny.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. The failure to show prejudice is dispositive; a court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As the transcript reflects, defense counsel had hoped to submit a bank larceny instruction to the jury. However, she determined that such an instruction could not be given because bank larceny was not a lesser included offense of bank robbery. Defense counsel made the strategic decision to allow an information to be filed so that the jury would not be limited to considering only the bank robbery charge but would instead have the opportunity to consider a less serious charge.

The addition of the larceny charge did not prejudice Rusan. Although he was found guilty of both offenses, the sentence he received was driven by the bank robbery offense which carried a penalty twice that of the bank larceny charge.

Rusan also contends that counsel was ineffective for failing to raise the issues of and sufficiency of the indictment on appeal. Because these issues lack merit, defense counsel cannot be faulted for failing to raise them.

The Court finds that Rusan has failed to show that his attorney's performance fell below an objectively reasonable level. Additionally, Rusan has not shown that he was prejudiced.

### 5. Double jeopardy

Rusan's convictions for bank robbery and bank larceny did not violate the constitutional prohibition against double jeopardy. Each offense has elements that the other does not. Carter v. United States, 530 U.S. 255 (2000). As such, convictions for both offenses does not constitute double jeopardy. Blockburger v. United States, 284 U.S. 299 (1932).

### 6. Resentencing

Rusan's final claim is that he should be resentenced in light of the Supreme Court's decisions in Begay. He argues that his prior conviction for escape from confinement was not a crime of violence and therefore should not have been considered a predicate offense for the career offender designation under U.S.S.G §4B1.1(a). As the presentence investigation report reflects, Rusan had a total of 18 criminal history points *before* application of the career offender guideline, thus placing him in criminal history category VI. Consequently, it is unnecessary to determine whether or not Rusan was a career offender, as that designation had no impact on the guideline range.

### III. Conclusion

For the foregoing reasons, the Court concludes that Rusan has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Rusan has not made a substantial showing of the

denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2011.